### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SONYA F. MEYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO.  CIV-11-0150-HE |
| | ) |
| EDWARDS MAIL SERVICE, a/k/a LE-MAR | ) |
| HOLDINGS, Inc., a private company; LES | ) |
| STOFFEL, in his individual and official | ) |
| capacity; and DENNIS ARNOLD, in his | ) |
| individual and official capacity, | ) |
| | ) |
| Defendants. | ) |

### ORDER

In this case, plaintiff Sonya F. Meyer asserts claims against her former employer, Edwards Mail Service ("EMS"), based on alleged sexual harassment of her and on her termination by EMS allegedly in retaliation for objecting to the claimed harassment.[1] Specifically, she asserts discrimination (hostile work environment) and retaliation claims pursuant to Title VII of the Civil Rights Act of 1964, as well as parallel claims under Oklahoma state law.[2]

EMS has moved for summary judgment and the motion is at issue. Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

---

[1]*Plaintiff also initially asserted claims against individual supervisors, but those claims have been dismissed [Doc. #16].*

[2]*See generally,* <u>Burk v. K-Mart Corp.</u>, *770 P.2d 24 (1989), recognizing a cause of action for wrongful discharge in violation of public policy.*

The court views the evidence and any reasonable inferences from it in the light most favorable to the non-moving party. Swackhammer v. Sprint/United Mgmt. Co., 493 F.3d 1160, 1167 (10th Cir. 2007). Having fully considered the submissions of the parties in light of this standard, the court concludes the motion should be denied.

## Background

The undisputed facts establish that plaintiff was employed by EMS as a truck driver in early January of 2010. She was terminated by EMS on September 16, 2010. EMS is a contract carrier which transports mail for the U. S. Postal Service. Her immediate supervisor during her employment was Les Stoffel, EPS' supervisor of Oklahoma operations. Mike Smith and Frank Allen were other drivers with the company. Other than as referenced below, a detailed description of facts is unnecessary. Broadly summarized, plaintiff asserts that she was subjected to sexual harassment by Smith, Allen and others, that at some point she brought the harassment to the attention of Stoffel, Kelly Swope, the HR Assistant for EMS, and Chuck Edwards, the President of EMS, that they failed to take appropriate action in response, and that she was ultimately terminated in retaliation for reporting the alleged harassment.

## Discussion

As to plaintiff's hostile work environment claim, defendant seeks summary judgment principally on the basis that the undisputed facts show plaintiff's claim to be barred by the

*Ellerth-Faragher* affirmative defense.³ It also asserts the alleged harassment was not so severe or pervasive as to be actionable. The court concludes plaintiff has presented evidence sufficient to avoid summary judgment on these grounds.

Defendant's reliance on the *Ellerth-Faragher* defense appears to be misplaced. Those cases recognized an affirmative defense for employers who would otherwise be subject to respondeat superior liability for harassment by a supervisor. The defense is not applicable when the asserted basis for liability is harassment by a non-supervisor co-worker. *See* Pennsylvania State Police v. Suders, 542 U.S. 129, 143 (2004) ("Ellerth and Faragher expressed no view on the employer liability standard for co-worker harassment. Nor do we."); *see also* Chapman v. Carmike Cinemas, 307 Fed. Appx. 164, 2009 WL 57504 (10th Cir. 2009). Here, the harassment alleged by plaintiff is based on alleged acts of Smith, Allen and other co-workers. She does not allege that Stoffel or any other supervisor was doing the claimed harassment.⁴ As a result, the *Ellerth-Faragher* defense does not warrant judgment for defendant. And even if the defense were applicable, the court would nonetheless conclude that plaintiff has presented evidence sufficient to avoid summary judgment on the basis of it. To establish the defense, the employer must establish that it exercised reasonable care to prevent and correct promptly any sexually harassing behavior and that plaintiff

---

³*See* Burlington Industries Inc. v. Ellerth, 524 U.S. 742, 765 (1998) and Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998).

⁴*She offers evidence that Stoffel made a comment to others, apparently in response to her complaints, that she was, or was like, a "manipulative bitch." While such a comment, if made, made be objectionable on various grounds, it, alone, does not constitute sexual harassment of plaintiff by Stoffel.*

unreasonably failed to take advantage of preventive or corrective opportunities offered by the employer.  Ellerth, 524 U.S. at 765; Faragher, 524 U.S. at 807.  Taken in the light most favorable to her, plaintiff has presented evidence that she brought her concerns to the attention of Swope, the HR person, that she attempted to bring the alleged harassment to the attention of her supervisor, Stoffel, and that they failed to respond in a meaningful way.

Defendant's suggestion that the alleged conduct was not sufficiently "severe or pervasive" is also unpersuasive.  Plaintiff has presented evidence, taken in the light most favorable to her, that Smith repeatedly made comments or references in her presence to women's breasts, other body parts, their clothing and the like.  He allegedly sought to have her get in his truck and give him a massage and "crack his back," since his wife would not do it.  Plaintiff also offers evidence that Allen pinched her buttocks on one occasion, tried to kiss her on another, and told her that he wanted to molest her.  While there are factual disputes as to these claimed incidents, the court concludes plaintiff has presented sufficient evidence to create a jury question as to whether she was subjected to sexually harassing conduct sufficiently severe or pervasive as to affect the terms and conditions of her employment.

Defendant seeks judgment as to the retaliation claim on the basis that plaintiff has not made out a prima facie case of retaliation and that, if she has, there is still no evidence of pretext as to defendant's stated reasons for her termination.  Where, as here, a plaintiff lacks direct evidence of discrimination, the claim is analyzed under the burden-shifting framework identified in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973).  Under that

4

framework, a plaintiff asserting a retaliation claim must make a prima facie showing that (1) she engaged in protected opposition to discrimination, (2) that she was subjected to an adverse employment action, and (3) that a causal connection exists between the protected activity and the adverse action. Luster v. Vilsack, ___F.3d___, 2011 WL 6000545, *6 (10th Cir. 2011). If the plaintiff makes such a showing and the employer articulates a non-discriminatory reasons for its employment actions, the burden then shifts to plaintiff to produce some evidence that the employer's articulated reason is pretextual.

Defendant argues there is no evidence that plaintiff engaged in protected activity, relying on affidavits from Stoffel and references in plaintiff's EEOC charge to the effect that she did not report her concerns. However, there is other evidence that she did so,[5] sufficient to meet this element. Similarly, there is evidence, viewed in the light most favorable to plaintiff, which supports an inference of a connection between her reported concerns and her subsequent treatment by EMS. She offers evidence of changes in her work assignments, changed attitudes of her supervisors or others, and the like. This and other evidence, including the relatively short periods of time between the various reports and her termination, is sufficient to meet her burden as to the third element.

Defendant articulated a legitimate, non-discriminatory reason for plaintiff's termination, but plaintiff has offered evidence of pretext sufficient to avoid summary

---

[5]*Plaintiff's 113 page "diary" of the events evidences multiple occasions on which she attempted to report her concerns to Stoffel and it appears undisputed that she raised her concerns with Swope, the HR person: "Sonya Meyer complained to me that she felt uncomfortable with Mike Smith." Swope affidavit, Doc. #25-5.*

judgment. This includes the evidence suggesting that EMS' response to plaintiff's misconduct was disproportionate to the misconduct,[6] that EMS did not strictly follow its own stated policies in terminating plaintiff, and that her supervisor (Stoffel) claimed to be unaware of the basis for her termination which was, according to EMS, performance based. The court concludes plaintiff has produced sufficient evidence of pretext to avoid summary judgment.

Defendant makes no argument as to the state law <u>Burk</u> claims other than to argue that, since the federal law claims fail, the court should decline to exercise supplemental jurisdiction over the state claims.[7] The court having concluded that the federal claims remain for resolution, there is no basis for declining to exercise supplemental jurisdiction over the state claims.

<u>Summary</u>

For the reasons stated, defendant's motion for summary judgment [Doc. #25] is **DENIED**.

---

[6]*EMS identifies two incidents involving a mishandled piece of mail and a refusal by plaintiff to acquiesce in a postal facility request. Plaintiff's evidence, viewed in the light most favorable to her, supports a permissible inference that plaintiff's conduct was justified or excusable under the circumstances.*

[7]*The heading in defendant's brief describes the argument, somewhat inaptly, as suggesting the state claims should be dismissed "due to want of jurisdiction."*

**IT IS SO ORDERED**.

Dated this 20th day of January, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE